UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JACK SHRADER, Individually And On Behalf of All Others Similarly Situated, | CIV. NO. 11-CV-1461 (JSR) |
| Plaintiff, | |
| vs. | CIVIL CASE MANAGEMENT PLAN (JUDGE RAKOFF) |
| FXCM INCORPORATED, DREW NIV, DAVID SAKHAI, WILLIAM AHDOUT, KENNETH GROSSMAN, EDUARD YUSUPOV, ROBERT LANDE, CREDIT SUISSE SECURITIES (USA) LLC, CITIGROUP GLOBAL MARKETS INC., and J.P. MORGAN SECURITIES LLC, | |
| Defendants. | |

**This Court requires that this case shall be ready for trial on**

_____.

After consultation among counsel for all parties, Plaintiff respectfully submits that a schedule of important dates in the litigation should not be set prior to the appointment of Lead Plaintiff and approval of selection of Lead Counsel in this securities litigation.  *See* 15 U.S.C. § 77z-1(a)(3)(B).  Motions seeking appointment as Lead Plaintiff are not due until May 2, 2011. The lead plaintiff controls the litigation, *see Hevesi v. Citigroup, Inc.,* 366 F.3d 70, 83 n.13 (2d Cir. 2004) (citing the Senate Reports), exercising a role that has been described as "creat[ing] significant federal rights[.]"  *In re BankAmerica Corp. Securities Litigation,* 263 F.3d 795, 801 (8th Cir. 2001); *In re Baan Co. Sec. Litig.*, 271 F. Supp. 2d 3, 12 (D.D.C. 2002) (citing *BankAmerica*).  Indeed, a Lead Plaintiff maintains substantial control of the litigation:

> It can hardly be gainsaid that the right to steer litigation of this magnitude is an important privilege. The lead plaintiff's control over aspects of litigation such as discovery, choice of counsel, assertion of legal theories, retention of consultants and experts, and settlement negotiations gives the lead plaintiff decisional muscle that other members of the class lack.

*See id.*  Therefore, Plaintiff respectfully submits that a full Case Management Plan would be premature prior to the completion of the Lead Plaintiff appointment process.

Defendants concur and further respectfully submit that a full schedule should not be set

prior to decision on motion(s) to dismiss because discovery is stayed during the pendency of a motion to dismiss, pursuant to the Private Securities Litigation Reform Act. 15 U.S.C. § 77z-1(b)(1).

On March 28, 2011, counsel for Plaintiffs emailed a Stipulation as to scheduling to the Orders and Judgments Clerk. Pursuant to that Stipulation, subject to the Court's approval, the parties agreed to the following schedule on briefing on the motion to dismiss:

- Within sixty (60) days of the entry of an Order appointing lead plaintiff and lead counsel, lead plaintiff shall file and serve a consolidated amended complaint;

- Defendants shall move, answer or otherwise respond to the consolidated amended complaint within forty-five (45) days after the filing of the consolidated amended complaint;

- If Defendants move to dismiss the consolidated amended complaint, lead plaintiff shall file its opposition within forty-five (45) days after the filing of any motion to dismiss;

- Defendants shall file and serve their reply to any opposition made by lead plaintiff within thirty (30) days after the filing of lead plaintiff's opposition.

Accordingly, the parties respectfully request that a full Case Management Plan should be submitted within 10 days after the order on the motion(s) to dismiss, in the event that such motion(s) is denied in full or in part.

All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

_____
JED S. RAKOFF
U.S.D.J.

DATED: New York, New York

_____.